# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

No. 19-3095

September Term, 2020

FILED ON: JUNE 1, 2021

UNITED STATES OF AMERICA,
                APPELLEE

v.

MARLON HAIGHT,
                APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:15-cr-00088-1)

Before: SRINIVASAN, *Chief Judge*, and WILKINS and KATSAS, *Circuit Judges*.

## JUDGMENT

The court considered this appeal on the record and the briefs of the parties. *See* D.C. Cir. R. 34(j). The panel has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is

**ORDERED** that the judgment of the district court be **AFFIRMED**.

Marlon Haight was convicted of several drug and firearm offenses, including a violation of 18 U.S.C. § 922(g)(1). The government sought a sentence enhancement under the Armed Career Criminal Act, which provides that any person who violates section 922(g) and has three prior convictions for a "violent felony" or "serious drug offense" shall be imprisoned for at least fifteen years. *Id.* § 924(e)(1). The government argued that Haight qualified for the enhancement based on past convictions that included assault with a dangerous weapon under D.C. law and first-degree assault under Maryland law. The district court concluded that Haight's D.C. offense was not a "violent felony," but we reversed on that point. *United States v. Haight*, 892 F.3d 1271, 1281 (D.C. Cir. 2018). We then held that the district court "did not err, much less plainly err, in classifying Haight's Maryland first-degree assault conviction as a violent felony," and that Haight "was subject to a 15-year mandatory-minimum sentence under ACCA." *Id.* at 1281–82. On remand, the district court sentenced Haight under ACCA.

In this appeal, Haight revives the argument that ACCA does not apply because Maryland first-degree assault is not a violent felony. But our panel "does not have the authority to overrule another three-judge panel of the court." *LaShawn A. v. Barry*, 87 F.3d 1389, 1395 (D.C. Cir. 1996) (en banc). And in the prior appeal, a panel of this Court held both that Maryland first-degree assault is a violent felony and that Haight therefore qualified for sentencing under ACCA. *Haight*, 892 F.3d at 1281–82. Haight notes that we may depart from the law of the case if a prior decision was "clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). But although we recognize "several exceptions" to the law-of-the-*case* doctrine, which we have described as a "prudential creation of the courts," we have recognized no similar exceptions to the law-of-the-*circuit* rule, which is "derived from legislation" and the "structure of the federal courts of appeals." *LaShawn A.*, 87 F.3d at 1395; *see also Honeywell Int'l, Inc. v. EPA*, 705 F.3d 470, 471 (D.C. Cir. 2013) ("Absent en banc review, we must adhere to circuit precedent."). Our prior *Haight* decision thus binds us as a matter of precedent, regardless of whether it also does so under law-of-the-case principles.

Finally, Haight forfeited his request to hold this appeal in abeyance pending *Borden v. United States*, 769 F. App'x. 266 (6th Cir. 2019), *cert. granted*, 140 S. Ct. 1262, by raising it for the first time in his reply brief despite filing his opening brief some eight months after the grant of *certiorari* in *Borden*. *See Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1001 (D.C. Cir. 2008).

For these reasons, we affirm the district court's judgment. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY:     /s/
Daniel J. Reidy
Deputy Clerk